UNITED STATES of America,
Plaintiff–Appellee

v.

Manuel ROSAS–HERNANDEZ,
Defendant–Appellant.

No. 09–51169
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 3, 2010.

Joseph H. Gay, Jr., U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Judy Fulmer Madewell, Henry Joseph Bemporad, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM: *

Manuel Rosas–Hernandez (Rosas) appeals the 71–month prison sentence imposed by the district court after he pleaded guilty to illegal reentry pursuant to 8 U.S.C. § 1326. He argues that the sentence is greater than necessary to meet the sentencing goals outlined in 18 U.S.C. § 3553(a) and specifically asserts (1) that U.S.S.G. § 2L1.2, the guidelines provision applicable to violations of § 1326, is flawed in that it allows previous convictions to be "double counted" in the calculation of guidelines ranges and (2) that his sentence fails to adequately account for his circumstances and motives.

We have already rejected the argument that using a prior conviction to increase the offense level and in calculating criminal history is impermissible "double counting." *See United States v. Duarte,* 569 F.3d 528, 529–31 (5th Cir.), *cert. denied,* —— U.S. ——, 130 S.Ct. 378, 175 L.Ed.2d 231 (2009). Rosas's argument that the sentence does not adequately account for either his history or the circumstances and motives surrounding his offense is equally unavailing. A review of the record reveals that the district court considered Rosas's argument that his circumstances justified a sentence below the guidelines range but ultimately explicitly rejected this argument and imposed a sentence at the top of the guidelines range. Moreover, when reviewing the reasonableness of a sentence within a properly calculated guidelines range, we will infer that the district court "considered all the factors for a fair sentence set forth in the Guidelines." *United States v. Mares,* 402 F.3d 511, 519 (5th Cir.2005).

Rosas has not rebutted the presumption that the district court sentenced him to a reasonable, properly calculated within-guidelines sentence. *See United States v. Campos–Maldonado,* 531 F.3d 337, 338 (5th Cir.2008); *United States v. Alonzo,* 435 F.3d 551, 554–55 (5th Cir.2006). Accordingly, the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.